LOVELAND, GUARDIAN, v. EMSWILER ET AL.

[No. 11,154. Filed November 18, 1921.]

1. WILLS.— *Construction.— Intention of Testator.— Determination.—Extraneous Evidence.*—Whatever method may be resorted to for the interpretation of a will, it must be applied solely with a view of arriving at the intention of the testator, as gathered from the language found in the instrument itself; and, though the language employed is intelligent and free from obscurity, resort may be legitimately had to extraneous evidence in order to place the court in the testator's situation. p. 665.

2. WILLS.—*Construction.—Advancements.—Presumptions.*—In a proceeding to construe a will to ascertain whether testatrix, in

making bequests to certain of her children "to equalize their interests with advancements heretofore made to my other children," referred to advancements made by herself or advancements mentioned in the will of her deceased husband, *held* that the will of the husband, introduced in evidence, was insufficient to overcome the presumption that testatrix referred to her own advancements only, there being in her will no reference to the will of her husband.  p. 665.

From Miami Circuit Court; *Charles A. Cole,* Judge.

Petition by Hood P. Loveland, guardian, against Robert G. Emswiler and others to construe the will of Sarah E. Emswiler, deceased.   From the judgment rendered, the petitioner appeals.   *Reversed.*

*Albert Ward* and *Robert J. Loveland,* for appellant.
*Jabez T. Cox* and *William E. Mowbray,* for appellees.

NICHOLS, P. J.—Appellant, guardian of minor beneficiaries under the will of their grandmother, Sarah E. Emswiler, on June 19, 1917, filed in the Miami Circuit Court of Indiana, his petition for a construction of items 2 and 3 of said will, and incidentally asking that a trustee be appointed to give effect to the testamentary provisions for his wards.

The appellees, uncles of the wards of appellant and co-beneficiaries under the will (two of them being executors) were made defendants, appeared voluntarily, and filed their answer in denial, and also filed their cross-petition in which they asked that the will of Sarah E. Emswiler be construed with reference to the terms and provisions of the will of John H. Emswiler, the deceased husband of Sarah Emswiler, and with reference also to the disposal of certain property of the deceased husband in partition proceedings, subsequent to his death, and the death of his said wife.

There was a finding of facts which was in substance that on October 4, 1888, one John H. Emswiler died testate in Miami county, Indiana, leaving surviving him,

as his sole heirs at law his widow, Sarah E. Emswiler and their four children, Charles C., Walter H., Robert G. and Grace Emswiler.

Items 3 and 4 of his last will and testament which was duly probated read as follows:

"3. It is my will that at my death all my real estate except that mentioned in Item 2 of this will, (which was a business block, the life estate of which was given to his wife, and the fee not devised, and which was the real estate involved in the partition proceeding) shall vest in my said wife, Sarah E. Emswiler, absolutely in fee simple, and that all the personal property, goods and chattels, wares, merchandise, money, rights, credits and choses in action of which I may die seized, and every interest therein, whether legal or equitable shall vest in and pass to my said wife absolutely and without any limitation or reservation whatever. In thus leaving said estate under the absolute control of my said wife, I desire not only to show my appreciation of her qualities as a faithful wife and affectionate mother, but also to partially express the full confidence which I repose in her disposition and ability to manage and control said estate for the best interests of herself and our children.

"4. I make the following suggestions, not as an absolute bequest, but as advisory in the distribution, or provision for distribution by my said wife of the estate which I may leave. My son, Charles C. Emswiler, has already received the sum of $2,500, and my son, Walter H. Emswiler, has received the sum of $1,500, which amounts were intended by me as advancements. My daughter, Grace Emswiler, and my son Robert G. Emswiler, have not as yet received anything by way of advancement. Should it meet with the approval of my said wife's judgment, it is my desire that as they severally come to the age of twenty-one years, the said Grace and Robert Guy may receive like amounts, or such substantial pecuniary aid as condition of my estate may enable my said wife to give them without embarrassment or inconvenience to herself, and that amounts so paid to Charles C.

and Walter H. as well as any and all amounts which may be hereafter paid any of said children be treated as advancements, so as to equalize the amounts to them severally in final distribution, but, should the judgment of my said wife dictate a departure from these suggestions, she shall be at liberty to do as she deems right and proper, and this item shall be advisory only."

The said Grace Emswiler afterward intermarried with one James W. Test, and thereafter and before the death of her mother died intestate in said Miami county, leaving surviving her, as her sole heirs at law, her said husband, James W. Test, and her three children, who are the wards of appellant.

On June 19, 1916, the said Sarah E. Emswiler died testate in said county, leaving as her sole heirs at law, her said children, Charles C., Walter H. and Robert G. and her said grandchildren, Sarah E., Philip E. and Dorothy E. Test. Said Sarah E. Emswiler on January 20, 1915, executed her last will and testament which was duly admitted to probate in the Miami Circuit Court, Item 2 of which reads as follows:

"Item 2—I give and bequeath to my son, Robert G. Emswiler $1600 and to Sarah E. Test, Phillip Test and Dorothy Test and the survivor or survivors of them, children of my deceased daughter, Grace Test, the sum of $1,100, when the youngest of said grandchildren, Dorothy E. Test, shall attain the full age of twenty-one years. This provision is made to equalize their interests with advancements heretofore made to my other children."

By Item 3 she bequeathed the remainder of her estate to her children and grandchildren, to the children share and share alike, and to the grandchildren collectively an amount equal to the share of each of her children, with the same limitation as to time of payment to the grandchildren as in Item 2.

The court then finds that Sarah E. Emswiler did not,

during her lifetime, fully equalize her said daughter Grace and her son, Robert Guy with the advancements made by said John H. to his sons Charles C. and Walter H. as recited in the fourth clause of his will in accordance with the advisory suggestion and request in said clause; and that said Sarah E. Emswiler did not make any advancements out of her estate to her said sons, Charles C. and Walter H.; that the bequests of $1,600 to the said Robert Guy and of $1,100 to the said Test children were made for the purpose of equalizing said beneficiaries with the said Charles C. and Walter H. in the matter of the advancements made to them by John H. Emswiler as recited in the fourth clause of his said will, that in an action in partition in the Miami Circuit Court begun on November 21, 1916, in which Charles C., Walter H. and Robert G. were plaintiffs and the Tests were defendants, the said business block was ordered sold and the proceeds thereof equally divided, after equalizing the said Robert G. and the said Tests with the said advancements of $2,500 to said Charles C. and $1,500 to the said Walter H., all of which was done according to said order. Said Charles C. and Walter H. duly qualified as executors of the will of Sarah E. Emswiler in June, 1916, and have since been acting in that capacity. That said Sarah E. Emswiler was, at the time of her death, the owner of certain real estate in the city of Peru, Indiana, and the said Charles C. and Walter H. as executors of the will of the said Sarah E. Emswiler, have brought an action in partition against Robert G. and the Test children in the Miami Circuit Court. We do not see, however, that this proceeding is involved in this action. The estate of said decedent, Sarah E. Emswiler, is solvent, its assets greatly exceeding its liabilities.

On the foregoing facts the court stated the law to be: (1) That the bequests of $1,600 and $1,100 to Rob-

ert G. and the Test heirs respectively made by said
Sarah E. Emswiler in Item 2, she intended to equalize
their interests with the advancements made to Charles
C. and Walter H. by their father, John H. Emswiler
and referred to in Item 4 of his said will; (2) that by
said settlement and equalization of said advancements
in the distribution of the proceeds of sale of the real
estate derived from John H. Emswiler in the partition
proceedings aforesaid, the said bequests to said Robert
G. Emswiler and the children of said Grace E. Test in
the said will of Sarah E. Emswiler were satisfied and
canceled; (3) that the said Charles C. and Robert G.
are each entitled in severalty and the Test children are
entitled collectively to an undivided one-fourth interest
in the estate of Sarah E. Emswiler; (4) that the inter-
ests of said beneficiaries under the will of Sarah E. Ems-
wiler vested in them immediately on her death, and the
adult devisees and legatees became entitled to immediate
possession and control of the real estate devised to them
by her, subject to the right of the executors to sell the
same for the payment of debts, and likewise to receive
their distributive shares in the personal property im-
mediately on the settlement of said estate and the ascer-
tainment of their said distributive shares; (5) that the
said children of Grace E. Test or the survivor, or sur-
vivors of them do not become entitled to the possession
or control of either the real or personal estate devised
and bequeathed to them under said will until the young-
est of them, the said Dorothy E. Test, shall arrive at
the age of twenty-one years, but that appellant or other
party in interest is entitled to have a trustee appointed
by the court to take charge of the real estate devised
by the will of the said Sarah E. Emswiler, and to con-
trol, preserve and lease the same and collect the rents,
and profits thereof until the said Dorothy E. Test shall
arrive at the age of twenty-one years or until the said

real estate and the proceeds thereof shall be disposed of under the orders of this court.

After motion for a new trial which was overruled, judgment was rendered in harmony with the conclusions of law, in favor of appellees' contention. Appellant contends that the evidence is insufficient to sustain the finding of the court, and in this connection our attention is called to the fact that there is no evidence that the bequests in Item 2 of Sarah E. Emswiler's will were identical in whole or in part with the advancements mentioned in Item 4 of John H. Emswiler's will; that there is no evidence that Sarah E. Emswiler had not herself made any advancements out of her estate to her sons Charles C. and Walter H.; that there is no evidence that in making said bequests in said Item 2, said testatrix had in mind in any way the suggestions made in Item 4 of her husband's will, or that the bequests in Item 2 were made for the purpose of equalizing said beneficiaries with Charles C. and Walter H., in the matter of the advancements mentioned as made to them by their father in Item 4 of his will.

Any finding as to these facts are based upon mere conjecture, for there is no evidence concerning them. The burden of proving these material facts was upon appellees, and they have failed to discharge it. There is no ambiguity in the language of Item 2 of Sarah E. Emswiler's will. Without introducing an ambiguity that does not appear on the surface of the will, within its four corners, without introducing a latent ambiguity by extrinsic evidence, we have no difficulty in understanding the apparent meaning as expressed in the instrument. She gives her son Robert G. $1,600, and her grandchildren collectively, $1,100, and says plainly that these bequests are made to equalize advancements heretofore made to her other children. The presumption must necessarily be that she is speaking of ad-

vancements that she has made herself, and not of advancements made in some other will which she does not mention.

As is well stated in *Daugherty, Admr.*, v. *Rogers* (1889), 119 Ind. 254, 20 N. E. 779, 3 L. R. A. 847,

1. "It is settled beyond controversy that whatever method may be resorted to for the interpretation of a will, it must be applied solely with a view to arrive at the intention of the testator, as his intention may be gathered from the language found in the instrument itself. However clearly an intention not expressed in the will may be proved by extrinsic evidence, the rule of law requiring wills to be in writing stands as an insuperable barrier against carrying the intention thus proved into execution." After citing numerous authorities, the court further says: "The maintenance of this rule in its integrity, so that the language found in the instrument shall in truth be the legal declaration of the testator's intentions concerning the disposition to be made of his property after his death, is a matter of transcendent importance, and, as will be seen from the cases cited, in no jurisdiction has the doctrine which denies the right to add anything to a will by parol been adhered to more steadily than by this court." The court says, however, in the same opinion that it is not correct to say that because the language employed is in itself intelligent and free from obscurity, extraneous evidence may not legitimately be resorted to in order to place the court which expounds the will in the situation of the testator who made it.

Conceding that under this rule the will of John H. Emswiler was admissible for the purpose of giving to the court the circumstances under which the

2. testatrix executed the will, can we say that its weight was sufficient to overcome the presumption that Sarah E. Emswiler referred to advancements

which she had made? The statements concerning ad-
vancements in her husband's will were not statements
that she had made to others, but were the suggestions
of another in the form of advice to her as to what she
might do, leaving her entirely free to act as in her
judgment seemed best. He suggested that if it should
meet her approval, Grace and Robert G. as they re-
spectively became of age, should receive like amounts,
or such pecuniary aid as the condition of the estate
would enable his wife to give them without embarrass-
ment or inconvenience to herself. No suggestion is
made that she should make an adjustment in her will
in the event that she should be unable to make it sooner,
but instead, he left ample property undisposed of by
will, out of which the advancements could be adjusted,
as they eventually were. The amounts are wholly dis-
similar, and as Charles and Walter later in their com-
plaint for partition acknowledged that they had been
advanced in a total sum of $4,000 above the other heirs,
the testatrix's intention to give such other heirs but
$2,700 to cover the advancements made to Charles and
Walter more than thirty years before, is wholly out of
accord with her statement made many times to her sis-
ter, Mary T. King, that it was her wish that all of her
children should share equally and that she did not wish
to discriminate at all, and that she desired one to have
the same as another.

At the time of the partition suit the mother's will
had been probated, and Charles and Walter were the
executors thereof. They well knew of the bequests to
Robert, and the Test children. If they believed that the
bequests were intended for an adjustment because of ad-
vancements made to them, we are wholly unable to
understand why they would of their own volition charge
themselves with the respective sums of $1,500 and
$2,500, or a total of $4,000. The unambiguous language

of Item 2 of Sarah E. Emswiler's will, together with
the surrounding circumstances aforesaid is convincing
that the bequests therein grew out of matters other
than the $4,000 advancements referred to in her hus-
band's will, unless it might be by way of adjustment
because of the long use of the advancements by those
to whom they were made.   Having reached this con-
clusion, we do not need to inquire further into the motive
of the testatrix, as it was wholly her own affair.   Ap-
pellant has vigorously challenged the admissibility of
some of the evidence discussed above, but as he is not
harmed thereby, we do not discuss it.

Under the terms of the will of Sarah E. Emswiler,
we hold that the court did not err in its judgment that
the adult devisees and legatees are entitled to the posses-
sion of their respective distributive shares immediately
upon the settlement of the estate, and that said children
of Grace Test are not entitled to their respective dis-
tributive shares until the youngest of them arrives at
the age of twenty-one years, but that by proper appli-
cation they may have a trustee appointed to take charge
of their estate for their use.

The judgment is reversed, with instructions to grant
a new trial.